**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 6:19-bk-00939-LVV |
| | Chapter 13 |
| **ALRENA JANET DALE,** | |
| Debtor. | |
| _____/ | |
| **ALRENA JANET DALE,** | |
| Plaintiff, | |
| v. | Adv. No.: 6:23-ap- |
| **UNITED STATES DEPARTMENT OF EDUCATION, and MISSOURI HIGHER EDUCATION LOAN AUTHORITY,** | |
| Defendants. | |
| _____/ | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Alrena Janet Dale, files this Complaint against Defendants, United States Department of Education and Missouri Higher Education Loan Authority, on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

**PARTIES**

1. Plaintiff is a citizen of the State of Michigan, she previously resided in the Middle District of Florida. Plaintiff filed a petition for relief under Chapter 13 of Title 11, U.S.C., on February 13, 2019, in the case of *In re: Alrena Janet Dale*, Case No.: 6:19-bk-00939-LVV, pending in the United States Bankruptcy Court for the Middle District of Florida (the "main case").

2.      Defendant UNITED STATES DEPARTMENT OF EDUCATION, upon information and belief, holds an interest in the loans described in Paragraph 5 herein. Defendant Missouri Higher Education Loan Authority ("MOHELA"), upon information and belief, is the guaranty agency for the Department of Education that insures the loans described herein.   MOHELA has offices in Chesterfield, Missouri.

## JURISDICTION and VENUE

3.      This court has jurisdiction over this adversary proceeding under the provisions of Title 28, U.S.C. §1334. This adversary proceeding is brought pursuant to 11 U.S.C. §523(a)(8) and Bankruptcy Rule 7001(6). This is a core proceeding pending under 28 U.S.C. §157(b)(2)(I).

## FACTUAL ALLEGATIONS

4.      The Plaintiff is 59 years of age, single, a household of one.

5.      Since 1993, the Plaintiff has attended various colleges and universities, to include Phoenix University ("Phoenix"). The bulk of the Plaintiff's student loans derive from attending Phoenix. The Plaintiff was encouraged to enroll Phoenix to take classes in order to improve her employment chances of getting a high paying job.  Plaintiff was induced by Phoenix to obtain student loans (the "loans") to pay for the costs of this schooling.  These loans total more than $155,559.62, on the date the petition was filed in the main case and interest continues to accrue. Phoenix induced Plaintiff to make these loans by promising to provide employment placement assistance; no such assistance was provided.

6.      Plaintiff was unable to obtain employment utilizing the degrees she obtained at Phoenix. Phoenix failed to uphold their commitments to the Plaintiff to assist in obtaining employment comparable to her degrees.

7.      Plaintiff gained no benefit from the courses she took at Phoenix; accordingly, Plaintiff derived no benefit from the loans she is obligated to pay.

8.      Plaintiff has made a good faith effort to repay the loans. From the time she finished school Plaintiff has worked to maximize her income and minimize her expenses. Plaintiff continuously stayed in contact with her student loan servicers, entering into forbearances, and income-based repayment plans. The Plaintiff has also applied for Borrower Defense to Repayment with the Department of Education, based on the inducement to attend and incur student loans by Phoenix.

9.      The Plaintiff's current annual income is $44,263.88, which is below median income for America according to the Census Bureau. Median income for the State of Michigan is $56,343.00. The Plaintiff lives paycheck to paycheck.

## DETERMINATION OF DISCHARGEABILITY

10.     This is an action to determine the dischargeability of the loans described herein pursuant to 11 U.S.C. §523 (a)(8)).

11.     Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 9, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth herein below.

12.     Plaintiff can't maintain a minimal standard of living if required to repay her student loans to defendants. As stated above, Plaintiff lives paycheck to paycheck, and cannot maintain, based upon her current income and expenses, a minimal standard of living if forced to repay the loans. Plaintiff owes over $155,000.00 in student loans and will never be able to pay the student loans.

13.Plaintiff has made all reasonable efforts to maximize her income prior to filing bankruptcy. Plaintiff's job as a call center customer service representative at Huntington Bank is the highest paying job she has been able to find. Plaintiff works full time. Plaintiff has searched other areas for higher paying jobs, but has found no positions that would result in higher disposable income.

14.Given her age and additional circumstances exist indicating that Plaintiff's inability to pay is likely to persist for a significant portion of the ten year standard repayment period of the student loans. Therefore, it will impose an undue hardship on the Plaintiff if these loans are not discharged.

WHEREFORE, Plaintiff prays under 11 U.S.C. §523(a)(8) that the debt owed to Defendants be discharged in its entirety as it is an undue hardship under the three-part Brunner test and such other relief that may be deemed just and proper in the circumstances.

Respectfully submitted this 16th day of January, 2023.

/s/ Robert B. Branson
Robert B. Branson, Esquire
Florida Bar No.: 800988
E-mail: *robert@bransonlaw.com*
**BransonLaw PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Attorney for Plaintiff